JUSTICE COTTER
concurs.
¶36 I concur in the Court’s Opinion. I write separately to further address the matters raised in the Dissent.
¶37 As does the majority, the Dissent cites Quantum Electric-which *266 was written by the Dissent’s author-as dispositive of the issues before us. In Quantum Electric, the Court conducted an overview of our previous cases interpreting § 37-61-405, MCA. We determined to overrule two of those cases, Audit Services and Sikorski & Sons, to the extent those cases waived a failure of opposing counsel to comply with § 37-61-405, MCA. Quantum Electric, ¶ 30. In the former case, where counsel had secured an order allowing him to withdraw his appearance on behalf of a party, we concluded that since the district court gave notice to the unrepresented party of his attorney’s withdrawal and the requirement to appear by new counsel or in person within twenty days, such notice was sufficient. Audit Services, 189 Mont. at 105, 615 P.2d at 189. In Sikorski, we held that notice was not required because we agreed with California’s interpretation of its statute, which was identical in terms to ours. The California court interpreted the statute to require notice “only when an attorney has died or ceased to be an attorney and not when he ceased to act for his client in a particular case.” Sikorski, 162 Mont. at 446, 512 P.2d at 1149. See Quantum Electric, ¶ 23. Thus, neither of these overruled cases is apposite here.
¶38 Notably, we also addressed another line of cases in Quantum Electric in which we held that written notice, pursuant to the statute, must be given and the failure to do so constitutes reversible error. One such case, addressed at length and with express approval in Quantum Electric, is McPartlin v. Fransen, 178 Mont. 178, 582 P.2d 1255 (1978). In my judgment, McPartlin implicitly supports the position taken by the Comb here.
¶39 In McPartlin, the two attorneys representing the defendant moved for leave to withdraw their appearance in the midst of pretrial proceedings. They communicated their action by sending to their client’s last known address a Notice of Withdrawal of Attorneys. A problem arose because counsel did not inform the defendant that what had been scheduled as a simple hearing three weeks hence had been converted by the court to a full trial on the merits. It was only when the defendant did retain new counsel-one day before the “hearing”-that the full trial setting was discovered. The court refused to grant the defendant’s motion for continuance of the trial, and because counsel could not appear for a full trial the following day, the defendant’s default and an ensuing judgment was entered. The defendant subsequently appealed on the grounds that the court erred in refusing to grant a continuance of the trial, given the insufficiency of the notice he received once his attorneys withdrew from the case. We reversed the district court and remanded for a new trial, *267 concluding that the opposing party, who knew of the full trial setting, should have complied with the predecessor statute to § 37-61-405, MCA, by giving notice of the trial proceeding to the defendant.
¶40 What we said in McPartlin with respect to the purpose of the statutory notice is significant to the case now before us. In discussing the predecessor statute to § 37-61-405, MCA (§ 93-2104 RCM (1947)), which is identical in language to the present statute, we said: “The obvious purpose of section 93-2104, is to provide notice to a party who might otherwise be taken unaware.” McPartlin, 178 Mont. at 183, 582 P.2d at 1258. We went on to discuss the problem presented when a party is left at the eleventh hour without representation. We said that “the over-riding purpose of our statute is to impose some duty on the opposing party to notify if he determines such party is, without his consent, no longer represented by counsel.” McPartlin, 178 Mont. at 186, 582 P.2d at 1259. Thus, the Court in McPartlin clearly intended its ruling to apply in those cases where the unrepresented litigant was placed in that position through the actions of his counsel taken without his consent. Such was the situation in both McPartlin and in Quantum Electric. As the Court has pointed out, such is not the situation here.
¶41 I agree with the Dissent that the provisions of the notice statute should apply to unrepresented litigants, even if their lack of representation might well be a consequence of their own failure to cooperate with their attorneys. However, if indeed we think that “the better rule is established by the McPartlin and Stanley line of cases,” as we said in Quantum Electric, ¶ 27, then the rule should apply in those cases in which the attorney withdraws his or her appearance leaving the “unaware” client unrepresented, and not in those cases where-as here-the client having full knowledge of the impending trial date fires his attorney just before the trial is to commence. Therefore, I concur.
CHIEF JUSTICE GRAY joins in the Concurrence of JUSTICE COTTER.